KIMBALL JONES, ESQ.
Nevada Bar No.: 12982
JOSHUA P. BERRETT, ESQ.
Nevada Bar No.: 12697
**BIGHORN LAW**
3675 W. Cheyenne Ave., Suite 100
North Las Vegas, Nevada 89032
Phone: (702) 333-1111
Email: Josh@BighornLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIRIAM ESCOBAR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>99 CENTS ONLY STORES LLC, a Foreign Limited-Liability Company; DOES 1 10, and ROE ENTITIES 11 20, inclusive jointly and severally,<br><br>Defendants. | CASE NO.: 2:22-cv-00889-JCM-DJA<br><br>**STIPULATION TO EXTEND**<br>**DISCOVERY DEADLINES**<br>**(FIRST REQUEST)** |

There is good cause for this stipulation in accordance with LR II 26-3. The parties have served written discovery and Defendant has taken Plaintiff's deposition.

At this stage of discovery, the parties are preparing for expert disclosures and understand that it will take an additional expense and time to gather all of the medical records in order for proposed retained medical experts to review as part of their records review and the drafting of their expert reports. The parties are attempting to resolve the matter prior to incurring costs for the same.

IT IS HEREBY STIPULATED by and between JOSHUA P. BERRETT, ESQ. of the law firm BIGHORN LAW, as counsel for Plaintiff, MIRIAM ESCOBAR, and HOMERO A. GONZALEZ, ESQ., of the law firm BRANDON SMERBER LAW FIRM, as counsel for Defendant, 99 CENTS ONLY STORES LLC, that certain discovery deadlines be extended by 30 days, as set forth below, to allow the parties to complete discovery prior to trial.

CLAC 7217305.1

### STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.

1. The parties participated in the Fed. R. Civ. P. 26(f) Conference on June 21, 2022.
2. Defendant served its Fed. R. Civ. P. 26.1(a)(1) Initial Disclosures on July 12, 2022.
3. Plaintiff served her Fed. R. Civ. P. 26.1(a)(1) Initial Disclosures on July 5, 2022.
4. Defendant served Interrogatories, Request for Production and Request for Admissions to Plaintiff on March 31, 2022.
5. Plaintiff has served responses to Defendant's Interrogatories, Request for Production and Request for Admissions to Plaintiff on May 13, 2022.
6. Defendant took Plaintiff's deposition on November 18, 2022.
7. Plaintiff served Interrogatories, Requests for Admissions, and Requests for Production to Defendant on December 2, 2022. Defendant's responses are pending.

### A. SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED.

1. Retain and designate expert witnesses.
2. Depositions of expert witnesses.
3. Any other necessary discovery.

### B. REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER

The Initial Expert Disclosure deadline is January 20, 2023. Because of backlog issues with certain providers, which remain from the time of the COVID-19 pandemic, it has taken longer for subpoenaed medical records to be received. This has resulted in longer wait times for reports from experts being completed and delivered to counsel for both parties to this action.

While waiting for the remaining medical records and reports from the parties' respective medical experts, the parties have remained in communication to attempt to resolve the matter prior to trial. Thus, additional time is needed to fully explore settlement options without incurring additional expenses, which would make settling this matter more difficult.

/ / /

### C. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued 30 days from their present deadlines.

1. **Discovery Cut-Off Date:** The parties jointly propose that the discovery cut-off date be extended 30 days from its present deadline of March 20, 2023, to **April 19, 2023.**

2. **Amending the Pleadings and Adding Parties:** The parties do not seek to extend this deadline, but reserve the right to bring an appropriate motion in the future in the unlikely event that new information is found in discovery that creates the need to amend the pleadings.

3. **Fed. R. Civ. P. 2(a)(2) Disclosures (Experts):** The parties jointly propose that the initial expert disclosure deadline be extended 31 days from its present deadline of January 20, 2023, to **February 20, 2023**; rebuttal expert disclosure be extended 30 days from its present deadline of February 20, 2023, to **March 22, 2023.**

4. **Interim Status Report:** Under recent changes in the rules, the parties will not file an interim status report previously required by LR 26-3.

5. **Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended 30 days from its present deadline of April 19, 2023, to **May 19, 2023**.

6. **Pretrial Order:** The date for filing the joint pretrial order, which is currently set for May 19, 2023, be extended 31 days to **June 19, 2023**. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

7. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

8. **Alternative Dispute Resolution:** Counsel for the parties certify that they met and

3

conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The parties have not scheduled any such ADR forum at this point, but agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

**9. Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

**10. Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the Pre-Trial Order.

DATED this 21st day of December, 2022.

| BIGHORN LAW | BRANDON SMERBER LAW FIRM |
|---|---|
| */s/ Joshua P. Berrett, Esq.* | */s/ Homero A. González* |
| JOSHUA P. BERRETT, ESQ. | LEW BRANDON, JR., ESQ. |
| Nevada Bar No. 012697 | Nevada Bar No. 5880 |
| KIMBALL JONES, ESQ. | HOMERO A. GONZALEZ, ESQ. |
| Nevada Bar No. 012982 | Nevada Bar No. 15231 |
| 3675 W. Cheyenne Avenue-Suite 100 | 139 East Warm Springs Road |
| Las Vegas, NV 89119 | Las Vegas, Nevada 89119 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| MIRIAM ESCOBAR | 99 CENTS ONLY STORES, LLC |

## ORDER

**IT IS SO ORDERED** that the discovery deadlines are hereby extended as follows:

| Scheduled Event | New Deadlines |
|---|---|
| Amend Pleadings and add Parties | **Closed** |
| Initial Expert Disclosure | **February 20, 2023** |
| Disclosure of Rebuttal Experts | **March 22, 2023** |

4

| | |
|---|---|
| Discovery Cutoff | **April 19, 2023** |
| Dispositive Motions | **May 19, 2023** |
| Joint Proposed Pre-trial Order | **June 19, 2023** |

DATED: 12/28/2022

_____
UNITED STATES MAGISTRATE JUDGE